In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-06-00282-CR

____________


STEPHEN GERARD BRANDON, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 405th District Court 

Galveston County, Texas

Trial Court Cause No. 05CR1167





MEMORANDUM OPINION


 A jury convicted appellant, Stephen Gerard Brandon, of murder and assessed
punishment at seventy-five years' confinement. Tex. Pen. Code Ann. §19.02
(Vernon 2003). In his sole point of error, appellant contends that the trial court erred 
in admitting a police officer's videotaped interview with a witness because it included
a prior consistent statement by the witness before she had been impeached. The State
responds that appellant's point of error is waived because his objection at trial does
not comport with the issue raised on appeal. We agree with the State. Accordingly,
we affirm.

BACKGROUND

 On May 7, 2005, appellant agreed to allow Robert Pratt to borrow his truck in
exchange for cocaine. When appellant did not deliver the truck, Pratt called appellant
on the telephone. Pratt then drove to appellant's house and began arguing with
appellant. The argument escalated, and appellant shot Pratt, who died at the scene.

 A witness, Rita Wells, was in the restroom during incident and overheard the
two men arguing. She looked out the door of the bathroom and saw Pratt curled up
on the floor begging for his life. She then saw appellant shoot Pratt in the chest.

 After appellant fled the scene, Wells called police, who took a videotaped
statement from her at the scene. At trial, the State introduced Wells's videotaped
statement during the police officer's testimony. The State then called Wells as a
witness.

WAIVER

 On appeal, appellant contends that, by admitting the recording, the court
violated Rule of Evidence 613(c). (1) During trial, however, appellant objected to
admitting the recording on Confrontation Clause grounds, not based on a violation
of Rule 613(c). (2)
 

 To preserve a complaint for appellate review, a defendant must make a timely,
specific objection to the trial court. Tex. R. App. P. 33.1(a); Rhoades v. State, 934
S.W.2d 113, 119 (Tex. Crim. App. 1996). The objection will be sufficient to preserve
error for appellate review if the objection communicates to the trial judge what the
objecting party wants, why the objecting party thinks himself or herself entitled to
relief, and does so in a manner clear enough for the judge to understand the objection
and request at a time when the trial court is in a position to do something about it. 
Lankston v. State, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992). To preserve error,
the objection at trial must comport with the legal grounds argued on appeal. Swain
v. State, 181 S.W.3d 359, 367 (Tex. Crim. App. 2005).

 Appellant concedes that his objection at trial does not comport with the issue
raised on appeal. Nevertheless, appellant argues that, because the recording was
admitted before Wells testified, and "it is obvious from the objection made that
defense counsel believed Wells was not going to be called as a witness," the lack of
objection at trial should be excused. Appellant has provided no authority to support
this proposition. Furthermore, Rule of Evidence 103(a)(1) allows for a party to
preserve error through either an objection or a motion to strike. Appellant could have
moved to strike the recording or objected to Wells's subsequent live testimony on
Rule 613(c) grounds. However, because the record indicates that appellant made no
such objection, error was not preserved.

 We overrule appellant's sole point of error.









CONCLUSION

 We affirm the judgment of the trial court.


 Sherry Radack


 Chief Justice


Panel consists of Chief Justice Radack and Justices Alcala and Bland.


Do not publish. Tex. R. App. P. 47.2(b).
1. Rule of Evidence 613(c) provides, "A prior statement of a witness which is
consistent with the testimony of the witness is inadmissible except as provided
in Rule 801(e)(1)(B)." Rule 801(e)(1)(B) provides that a prior statement by a
witness is not hearsay if the witness testifies at trial and the statement is
"consistent with the declarant's testimony and is offered to rebut an express or
implied charge against the declarant of recent fabrication or improper influence
or motive."
2. Appellant's counsel objected to the videotape on Confrontation Clause grounds
as follows:

 

 Your Honor, we object to anything of this nature. First of all, we
don't have an opportunity to cross-examine the witness to ask her
questions and get answers. That's all we can say about it. In
Crawford versus the United States this type of testimony is not
admissible. And I object to the admissibility of it on these
grounds.